Exhibit 1

DCIS 470 (Rev. 10/09)

**DEPARTMEN[T]**
One Comm[...]
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested

MAR 13 2019

USPS CERTIFIED MAIL

9214 8969 0059 7939 3662 90

20190311077I
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK NY, 10005

State of New York - Department of State
Division of Corporations

Party Served:	Plaintiff/Petitioner:
VICTORIA'S SECRET STORES, LLC	KOTOK, BRENDATH

C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NY 10005

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 02/25/2019 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRENDATH KOTOK,

Plaintiffs,

- against –

VICTORIA'S SECRET STORES, LLC,

Defendant.

Index No.:

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to submit to the attorneys of Plaintiff your answering papers to the Complaint in this action within 30 days after service of this summons. In case of your failure to submit answering papers, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
February 22, 2019

VIRGINIA & AMBINDER, LLP

By:   <u>s/ LaDonna M. Lusher, Esq.</u>
LaDonna M. Lusher, Esq.
Michele A. Moreno, Esq.
40 Broad St., 7th Floor
New York, New York 10004
(212) 943-9080
llusher@vandallp.com
mmoreno@vandallp.com

*Attorneys for Plaintiff*

To:
Victoria's Secret Stores, LLC
C T Corporation System
28 Liberty St
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BRENDATH KOTOK,

                        Plaintiffs,

- against -

VICTORIA'S SECRET STORES, LLC,

                        Defendant.

Index No.:

**COMPLAINT**

Plaintiff BRENDATH KOTOK ("Plaintiff"), by her attorneys, Virginia & Ambinder, LLP alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought against Victoria's Secret Stores, LLC ("Defendant") pursuant to the New York City Human Rights Law, Administrative Code of the City of New York §8-101 et seq. (hereinafter "NYCHRL") and the New York State Human Rights Law, Executive Law § 296 *et seq.* (hereinafter "NYSHRL") for sexual harassment discrimination and hostile work environment as a result of Plaintiff's gender, and for discrimination against Plaintiff on the basis of her age.

2. Plaintiff has initiated this action seeking loss of past and future earnings and other employment benefits, compensatory and punitive damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Venue herein is proper as Defendant conducts business in New York County and the unlawful employment practices occurred in this county.

4. This Court has jurisdiction over the parties pursuant to the NYSHRL, NYCHRL, and CPLR § 301.

## PARTIES

5. Plaintiff Kotok is a resident of New York who was formerly employed by Defendant.

6. Defendant Victoria Secret is a foreign limited liability company organized and existing under the laws of the State of Delaware, duly authorized to do business within the State of New York and whose principal office for the purpose of doing business in New York is 111 Eighth Avenue, New York, New York 10011.

7. Defendant owns and operates retail stores that sell women's clothing, lingerie, and beauty products.

8. At all relevant times, Defendant owned, operated, maintained and controlled a store located at The Mall at Bay Plaza, 200 Baychester Avenue #135-137, Bronx, New York, 10475.

## STATEMENT OF FACTS

9. Plaintiff worked as a Sales Specialist at Defendant's Victoria's Secret & Pink store located at The Mall at Bay Plaza, 200 Baychester Avenue #135-137, Bronx, New York, 10475 from approximately December 2014 to February 2018.

10. Plaintiff is a 60-year old female.

*Allegations Related to Sexual Harassment*

11. Throughout her time of employment with Defendant, Plaintiff was subjected to sexual harassment in the form of unwanted sexual contact and comments on a regular basis.

12. The aforementioned conduct included, but was not limited to, physical contact and comments by store managers, including Mr. Jose Rolando Montero, as well as customers of Defendant.

13. Mr. Montero repeatedly hugged Plaintiff and caressed her shoulder despite Plaintiff's protests. When she requested that he stop, he replied that he was doing it "because we love you" and stated that Plaintiff did not enjoy the contact because she was "not a sensitive person."

14. Mr. Montero made multiple comments to Plaintiff about her appearance after seeing old photos of Plaintiff that she shared with co-workers during lunch in the break room.

15. This includes remarks such as "oh baby," "I'm sure you were a good cuchi cuchi mama" and Dominican slang words, such as "Que bombon para....humm...y todo eso es suyo mamachula?" that loosely translates to "What a beauty, I want a taste of that. Is that all yours, hot mama?"

16. Mr. Montero also repeatedly requested that Plaintiff show him more photographs of herself, told other workers that they should "look like Brendath," stated that "if I wasn't in my twenties and you were 40 or 50, I'd ask you out," and also told her "I want to take you out."

17. Other instances of sexual harassment include one occasion when a manager "Alexandria" asked Plaintiff whether her breasts were real, to which Mr. Montero replied, "yes those are her real boobs." Alexandria then questioned whether Plaintiff was wearing a push up bra.

18. On another occasion, Mr. Montero and other workers organized an after-work outing to an adult entertainment club and asked Plaintiff if she wanted to go see the "coochy coochy." Mr. Montero and the others laughed at Plaintiff when she did not understand the phrase.

19. On multiple instances, a group of male customers who, upon information and belief, were friends of Mr. Montero as well as owners and/or employees of a local adult entertainment club, visited the store and sought Plaintiff's assistance in selecting lingerie for their "girlfriends."

20. The men proceeded to show Plaintiff pornographic videos and photographs. This included photographs of naked women as well as videos of sexual acts.

21. On at least one occasion, in approximately February 2017, these same customers stuck a fifty-dollar bill down Plaintiff's bra, touched her breast, and stated, "Next time will be better. I'll tip you better if these [items] fit."

22. When Plaintiff reported this incident to a manager, she was simply told that "if the tip is over $50.00 you have to give it to the company."

23. The same group of customers also made sexual comments to Plaintiff such as, "You're not bad looking. You're a respectable classy lady. You still have your figure. I bet you know how to dance."

24. Plaintiff also witnessed these customers make unwanted sexual advances and contact upon other sales workers, such as groping their buttocks.

25. When Plaintiff reported these incidents to a manager, she was simply told that the customers "have a right to shop" and, "they buy a lot, just make the sale."

26. Plaintiff also requested assistance from the store security guard in dealing with these customers, who responded by stating he could not call the police "unless the managers allowed it, because corporate won't like it."

27. Upon information and belief, Plaintiff was discriminated against based on her sex.

28. During Plaintiff's employment with Defendant, Plaintiff was regularly exposed to a discriminatory, offensive, and hostile work environment which no reasonable person could be expected to tolerate.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from the adverse effects of discrimination, including humiliation, embarrassment, and anguish.

*Allegations Related to Age Discrimination*

30. Plaintiff is a 60-year old female.

31. Upon information and belief, nearly all of Plaintiff's co-workers were in their twenties and thirties.

32. On or around December 19, 2015, after injuring her shoulder at work, Mr. Montero stated

that Plaintiff was injured because she was an "old goose." Mr. Montero further stated, "you look great but have to face that you are old. You probably have arthritis. Your bones are weak."

33. On another occasion in 2017, Plaintiff wore an outfit to work that conformed with what other employees of the sales floor wore. Manager "Monica" told Plaintiff that she looked "gorgeous" but that the outfit was "not appropriate for your age." Monica further instructed Plaintiff to "leave those outfits for the girls."

34. On other occasions, co-workers and managers referred to Plaintiff as a "grandma."

35. Managers Alexandria, Monica, and Amelia all also repeatedly asked Plaintiff whether she was thinking of retiring. These questions were accompanied by comments about her health, for example, "You're getting a hurt a lot. You need to go see a doctor. You probably have arthritis or fibromyalgia."

36. Upon information and belief, Plaintiff was discriminated against based on her age.

37. During Plaintiff's employment with Defendant, Plaintiff was regularly exposed to a discriminatory, offensive, and hostile work environment which no reasonable person could be expected to tolerate.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from the adverse effects of discrimination, including humiliation, embarrassment, and anguish.

## FIRST CAUSE OF ACTION:
### DISCRIMINATION BASED ON SEX UNDER THE NYSHRL

39. Plaintiffs repeat and re-allege the allegations set forth above.

40. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of NYSHRL § 296 *et seq*.

41. Pursuant to NYSHRL § 296, "[i]t shall be unlawful discriminatory practice: '(a) For an employer . . . because of an individual's . . . sex, to refuse to hire or employ or to bar or to discharge

from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

42. Defendant engaged in a course of unlawful conduct which created a hostile work environment on the basis of Plaintiff's gender in violation of NYSHRL § 296(1)(a).

43. Plaintiff is a woman and therefore a member of a protected class under the NYSHRL.

44. Plaintiff was discriminated against because of her gender, in the form of repeated sexual harassment while employed by Defendant.

45. Defendant created a work environment that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

46. Defendant knew or should have known about the sexual harassment in the workplace.

47. Defendant failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subject.

48. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anxiety, and mental anguish.

49. Upon information and belief, Defendant's discriminatory conduct was undertaken in conscious disregard of Plaintiff's rights.

50. By the foregoing reasons, Defendants' is liable to Plaintiff in an amount to be determined at trial, including but not limited to compensatory and punitive damages, back pay, front pay, and interest.

## SECOND CAUSE OF ACTION:
### HOSTILE WORK ENVIRONMENT BASED ON SEX UNDER THE NYCHRL

51. Plaintiffs repeat and re-allege the allegations set forth above.

52. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the meaning of NYCHRL §8-107 *et seq*.

53. Pursuant to NYCHRL §8-107(1)(a), it shall be an "unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the actual or perceived . . . gender . . . of any person . . . .to discriminate against such person in compensation or in terms, conditions or privileges of employment."

54. Defendant engaged in a course of unlawful conduct which created a hostile work environment on the basis of Plaintiff's gender in violation of NYCHRL §8-107(1.

55. Plaintiff is a woman and therefore a member of a protected class under the NYCHRL.

56. Plaintiff was discriminated against because of her gender, in the form of repeated sexual harassment while employed by Defendant.

57. Defendant created a work environment that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

58. Defendant knew or should have known about the sexual harassment in the workplace.

59. Defendant failed and refused to take appropriate action to end the sexual harassment to which Plaintiff was subject.

60. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anxiety, and mental anguish.

61. Upon information and belief, Defendant's discriminatory conduct was undertaken in conscious disregard of Plaintiff's rights.

62. By the foregoing reasons, Defendants' is liable to Plaintiff in an amount to be determined at trial, including but not limited to compensatory and punitive damages, back pay, front pay, and interest.

### THIRD CAUSE OF ACTION: AGE DISCRIMINATION IN VIOLATION OF THE NYSHRL

63. Plaintiffs repeat and re-allege the allegations set forth above.

64. The NYSHRL § 296(1) states that '[i]t shall be "an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age ... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65. At all relevant times, Plaintiff was an "employee" for purposes of § 292(6) of the NYSHRL.

66. Defendant was an "employer" for purposes of § 292(5) of the NYSHRL.

67. Plaintiff was discriminated against based on her age in violation of the NYSHRL.

68. Upon information and belief, Defendant's discriminatory conduct was undertaken in conscious disregard of Plaintiff's rights.

69. By the foregoing reasons, Defendants' is liable to Plaintiff in an amount to be determined at trial, including but not limited to compensatory and punitive damages, back pay, front pay, and interest.

## FOURTH CAUSE OF ACTION:
## AGE DISCRIMINATION IN VIOLATION OF THE NYCHRL

70. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

71. The NYCHRL §8-107(1)(a) states that it shall be "an unlawful discriminatory practice [f]or an employer or an employee or agent thereof, because of the actual or perceived age...of any person...to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

72. Plaintiff is a "person" for purposes of the NYCHRL under New York City Administrative Code § 8-102(1).

73. Defendant is an "employer" for purposes of the NYCHRL under New York City Administrative Code § 8-102(5).

74. Plaintiff was discriminated against based on his age in violation of the NYCHRL.

75. By Defendant's actions detailed above, Defendant has engaged in a course of conduct which resulted in adverse employment actions on the basis of Plaintiff's age in violation of the NYCHRL under New York City Administrative Code § 8-107(1)(a).

76. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anxiety, and mental anguish.

77. Upon information and belief, Defendant's discriminatory conduct was undertaken in conscious disregard of Plaintiff's rights.

78. By the foregoing reasons, Defendants' is liable to Plaintiff in an amount to be determined at trial, including but not limited to compensatory and punitive damages, back pay, front pay, and interest.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

(1) on the first cause of action against Defendant, Plaintiff seeks all unpaid wages, liquidated damages, and statutory damages permitted under the law, plus attorneys' fees and costs;

(2) on the second cause of action against Defendant, Plaintiff seeks all unpaid wages, liquidated damages, and statutory damages permitted under the law, plus attorneys' fees and costs;

(3) on the third cause of action against Defendant, Plaintiff seeks all unpaid wages, liquidated damages, and statutory damages permitted under the law, plus attorneys' fees and costs;

(4) on the fourth cause of action against Defendant, Plaintiff seeks all unpaid wages, liquidated damages, and statutory damages permitted under the law, plus attorneys' fees and

costs;

(5) such other and further relief as the court deems just and proper.

Dated: New York, New York
February 22, 2019

        **VIRGINIA & AMBINDER, LLP**

        By: _____/s/_____
        LaDonna M. Lusher, Esq.
        Michele A. Moreno, Esq.
        40 Broad St., 7th Floor
        New York, New York 10004
        (212) 943-9080
        llusher@vandallp.com
        mmoreno@vandallp.com

        *Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------x
BRENDATH KOTOK,

                        Plaintiff/Petitioner,

    - against -                                Index No. 151950/2019

VICTORIA'S SECRET STORES, LLC,
                      Defendant/Respondent.
-----------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                  EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: February 25, 2019

| | |
|---|---|
| LaDonna M. Lusher, Esq. | 40 Broad St., 7th Floor |
| Name | Address |
| | |
| VIRGINIA & AMBINDER, LLP | New York, New York 10004 |
| Firm Name | |
| | (212) 943-9080 |
| | Phone |
| | |
| | llusher@vandallp.com |
| | E-Mail |

To: See summons.

_____

_____

6/6/18